UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JOSHUA D. YORK**                                                          **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 1:25-CV-70-JHM**

**OFFICER TIM JACKSON et al.**                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 civil-rights action. Because Plaintiff Joshua D. York is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the Court will dismiss some claims and allow other claims to proceed.

**I.**

After Plaintiff filed the complaint, he filed a motion for leave to amend the complaint (DN 14). Upon consideration, **IT IS ORDERED** that this motion (DN 14) is **GRANTED**. The **Clerk of Court** is **DIRECTED** to docket the tendered amended complaint (DN 14-1) in a separate entry as an amended complaint as of the date it was filed.

In the amended complaint, Plaintiff sues the Edmonson County Sheriff's Department (ECSD) and ECSD Officer Tim Jackson in both his official and individual capacities. Plaintiff alleges that Defendant Jackson violated his rights under the First Amendment by retaliating against him for recording his police encounter, his rights under the Fourth Amendment through an unlawful search and seizure, his rights under the Fourth And Fourteenth Amendments for false arrest and imprisonment, and his rights under the Fourteenth Amendment for the deprivation of property without due process. Plaintiff alleges that ECSD is liable for these alleged violations of

his constitutional rights by Defendant Jackson because ECSD failed to train and supervise its officers.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is proceeding in forma pauperis, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. ECSD/Defendant Jackson Official-Capacity Claim**

The ECSD is not a "person" subject to suit under § 1983. *See, e.g.*, *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department is not a legal entity subject to suit under § 1983); *Garner v. Hamilton Cnty. Sheriff's Dep't*, No. 1:14-CV-262-CLC-CHS, 2015 U.S. Dist. LEXIS 107294, at *2-3 (E.D. Tenn. Aug. 13, 2015) ("[T]he Sixth Circuit and courts in this district have previously held that a county sheriff's department is not an entity subject to suit under § 1983.") (citing cases). Rather, in this situation, it is the county itself that is the proper Defendant, which here is Edmonson County. Similarly, Plaintiff's official-capacity claim Defendant Jackson is also against Edmonson County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ((("Official-capacity suits . . . 'generally represent [] another way of pleading an action

3

against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

A municipality or county, such as Edmonson County, cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality or county and the alleged constitutional deprivation. *Monell,* 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality or county under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). One way to prove an unlawful policy or custom is to show a policy of inadequate training or supervision, which is what Plaintiff alleges here. *See City of Canton v. Harris*, 489 U.S. 378, 387 (1989). However, a "failure-to-train claim requires a showing of prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013); *see also R.L. v Knox Cnty.*, No. 24-5002, 2024 U.S. App. LEXIS 28458 (6th Cir. Nov. 6, 2024).

Here, Plaintiff's claim against Edmonson County fails because he has not shown prior instances of unconstitutional conduct such that Edmonson County was clearly on notice that training in the particular areas described by Plaintiff were deficient and likely to cause injury. Thus, the Court will dismiss Plaintiff's claim against the ECSD and his official-capacity claim against Defendant Jackson for failure to state a claim upon which relief may be granted.

### B. Defendant Jackson Individual-Capacity Claims

#### 1. Deprivation of Property Without Due Process

Plaintiff alleges that Defendant Jackson seized his phone, wallet, and cash and failed to return them. Plaintiff's claim for the alleged loss of his personal property does not give rise to a constitutional violation actionable under § 1983. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). To assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit has held that "[i]n section 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). In *Wagner*, the plaintiff claimed that his Fourteenth Amendment due process rights were violated when police officers allegedly stole personal property from his automobile after it was impounded. The court dismissed this claim because a common law action for unlawful conversion of property or, alternatively, for custodial negligence, was available to the plaintiff in the state courts of Kentucky. *Id*.

Thus, because Plaintiff has adequate state law remedies for the alleged loss of his property, this claim will be dismissed for failure to state a claim upon which relief may be granted.

### 2. False Arrest and False Imprisonment

Plaintiff raises false arrest and false imprisonment claims under both the Fourth and Fourteenth Amendments. "The Fourth Amendment, rather than the Fifth or Fourteenth, is the proper vehicle to 'define the process that is due for seizures of persons or property in criminal cases, including the detention of suspects pending trial.'" *Vidal v. Lexington Fayette Urb. Cnty. Gov't*, No. 5:13-117-DCR, 2014 U.S. Dist. LEXIS 124718, *11 (E.D. Ky. Sept. 8, 2014) (quoting *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 313 (6th Cir. 2005); *see also Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (finding that a § 1983 claim for wrongful arrest turns on whether the officer had probable cause under the Fourth Amendment).

Thus, because it is the Fourth Amendment and not the Fourteenth Amendment that is applicable to Plaintiff's claims for false arrest and false imprisonment, the Court will dismiss Plaintiff's Fourteenth Amendment claims for failure to state a claim upon which relief may be granted.

### IV.

Thus, upon review of the amended complaint, <u>the Court will allow the following claims to proceed against Defendant Jackson in his individual capacity – Fourth Amendment unlawful search and seizure claims, Fourth Amendment false arrest and imprisonment claims, and a First Amendment retaliation claim</u>. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

**For the reasons set forth above, IT IS ORDERED that Plaintiff's claims against the ECSD and his official-capacity claim against Defendant Jackson, as well as his Fourteenth Amendment claims for the deprivation of property without due process, and false arrest, and**

**false imprisonment are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted**.

The **Clerk of Court** is **DIRECTED** to **terminate the ECSD as a party to this action for the reasons set forth above**.

Date:   September 26, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant Jackson
        Edmonson County Attorney
4414.011

7