UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CV-00070-HBB

JOSHUA D. YORK                                                                PLAINTIFF

v.

OFFICER TIM JACKSON, in his individual capacity                DEFENDANT

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

---

The Defendant, Officer Tim Jackson ("Jackson"), in his individual capacity, states as follows in support of his Motion to Dismiss:

**<u>BACKGROUND</u>**

Plaintiff Joshua D. York ("Plaintiff") alleges that on or around May 11, 2024, Jackson and other law enforcement officers arrived at his residence in Edmonson County, Kentucky. (DN 16, p. 2). Plaintiff alleges that he began recording the interaction on his cell phone, which Jackson allegedly damaged. (DN 16, p. 2–3). Plaintiff further alleges that Jackson attempted to enter the home, and when Plaintiff refused, Jackson pulled him from the residence. (DN 16, p. 2–3). Plaintiff alleges that Jackson unlawfully seized his phone, placed him in handcuffs, and took possession of his wallet containing $900 and his keys. (DN 16, p. 3). Plaintiff further alleges that Jackson transported him to jail without providing a reason for the arrest, and that Jackson conducted an illegal search of his home, seizing firearms. (DN 16, p. 3–4). Plaintiff was allegedly held at the Edmonson County Jail for approximately three weeks. (DN 16, p. 4).

On May 23, 2025, Plaintiff filed his Complaint against the Edmonson County Sheriff's Office and Officer Tim Jackson, individually and in his official capacity. (DN 1). On September

1

15, 2025, Plaintiff filed his First Amended Complaint, substituting "Edmonson County Sheriff's Office" with "Edmonson County Sheriff." (DN 16).

This Court issued its Memorandum Opinion and Order on September 26, 2015, dismissing Plaintiff's claims against the Edmonson County Sheriff's Department, his official-capacity claim against Jackson, and his Fourteenth Amendment claims for the deprivation of property without due process, false arrest, and false imprisonment. (DN 15, p. 6–7). The remaining claims are those against Jackson in his individual capacity: Fourth Amendment unlawful search and seizure, Fourth Amendment false arrest and imprisonment, and First Amendment retaliation. (DN 15, p. 6).

As set forth below, Plaintiff's Complaint and First Amended Complaint against Jackson must be dismissed as a matter of law because his claims are barred by the applicable statute of limitations.

## STANDARD OF REVIEW

To survive a Motion to Dismiss, Plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." *Id.*, at 679. Accordingly, "[f]actual allegations contained in the complaint must raise a right to relief above the speculative level." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate "[w]hen 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Ruiz-Bueno v. Maxim HealthCare Servs.*, 659 F. App'x 830, 833 (6th Cir. 2016) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542,

547 (6th Cir. 2012)). "Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency with respect to court deadlines and other procedures readily understood by laypersons, particularly where there is a failure to pursue a case." *Morgan v. Hopkinsville Police Dep't*, No. 5:24-cv-43-BJB, 2024 LX 13927, at *3 (W.D. Ky. Dec. 11, 2024).

## ARGUMENT

### I.      Plaintiff's claims are barred by the statute of limitations and must be dismissed.

"[T]he applicable statute of limitations for any claim arising under Section 1983 . . . is one year." *Bowden v. City of Franklin*, 13 Fed. Appx. 266, 272 (6th Cir. 2001); *Holzemer v. City of Memphis*, 621 F.3d 512, 518 (6th Cir. 2010) (barring all constitutional violations alleged to have occurred more than a year prior to the filing of the complaint). "The statute of limitations for a claim for relief under Section 1983 is governed by the state statute of limitations for personal injury claims." *Bowden*, 13 Fed. Appx at 272. Under Kentucky law, "a personal injury claim . . . must be brought within one year of the incident causing the injury." *Id.* (citing KRS 413.140(1)(a)). Therefore, Plaintiff's Section 1983 claims are governed by the one-year statute of limitations set forth in KRS 413.140(1)(a).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Carter v. Porter*, 617 F. Supp. 2d 514, 518 (E.D. Ky. 2008) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Federal law establishes that a Section 1983 claim "accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Bowden*, 13 Fed. Appx. at 273 (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* (quoting *Sevier v. Turner*, 742 F.2d 262, 272 (6th

Cir. 1984)) (internal quotation marks omitted). "An injured party has an affirmative duty to use diligence in discovering his cause of action within the limitations periods." *Hazel v. General Motors Corp.*, 863 F.Supp. 435, 440 (W.D. Ky. 1994). "Any fact that should excite his suspicion is the same as actual knowledge of his entire claim." *Id.*

### a. Plaintiff's Fourth Amendment unlawful search and seizure claim is barred by the statute of limitations.

Plaintiff asserts a Fourth Amendment unlawful search and seizure claim under 42 U.S.C. Section 1983 against Jackson. As described above, this claim is subject to a one-year statute of limitations. The Sixth Circuit has held that "[t]he 'statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury—when the plaintiff knows or has reason to know about the occurrence of the unconstitutional search.'" *Codrington*, 142 F.4th at 890 (quoting *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394 (6th Cir. 1999), abrogated on other grounds by *Wallace*, 549 U.S. at 384). "Courts universally recognize that the discovery rule begins once a plaintiff learns of an injury from the defendant's conduct—even if the plaintiff does not discover the 'full extent of the injury' until later." *Reguli v. Russ*, 109 F.4th 874, 883 (6th Cir. 2024) (internal citations omitted). The Sixth Circuit has further emphasized that "our cases leave no doubt that a statute of limitations can start to run even if a § 1983 plaintiff lacks knowledge of every element of the claim." *Id.*

Plaintiff was arrested on May 11, 2024. He was present at the scene and had immediate knowledge of his detainment, as well as the search and seizure of his property, including his phone, wallet, and keys. These events are integral to his Fourth Amendment claim. The subsequent discovery of additional details related to the alleged unlawful entry does not delay the accrual of the claim. Under established legal precedent, the statute of limitations began to run on May 11, 2024, which was the date of Plaintiff's arrest and the point at which Plaintiff had knowledge of an

4

alleged injury resulting from Jackson's conduct, not the date of full discovery. Plaintiff did not file his Complaint until May 23, 2025, more than one year after the alleged injury occurred. Accordingly, Plaintiff's Fourth Amendment unlawful search and seizure claim is barred by the statute of limitations and should be dismissed.

### b. Plaintiff's Fourth Amendment false arrest and imprisonment claim is barred by the statute of limitations.

Plaintiff asserts a claim under 42 U.S.C. Section 1983 against Jackson for alleged false arrest and imprisonment in violation of the Fourth Amendment. As described above, this claim is subject to a one-year statute of limitations. The Sixth Circuit has made clear that "false arrest and false imprisonment" claims "accrue at the earlier of two dates." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021). "They accrue when the false imprisonment ends with the plaintiff's release," or "when the state initiates legal process against the plaintiff, such as through arraignment or formal charging." *Id.*; *Codrington*, 142 F.4th at 892; *see also Carter*, 617 F. Supp. 2d at 518.

At the latest, legal process was initiated on the arraignment date. Plaintiff was arraigned on May 14, 2024, and released on bond on May 28, 2024. (*See* Case Summary Report, attached hereto as Exhibit A; *see* Pretrial Bail Bond Form, attached hereto as Exhibit B).[1] Under controlling precedent, Plaintiff's false arrest and imprisonment claim accrued on the earlier of these two dates. May 14, 2024, the date of arraignment, clearly comes before May 28, 2024, the date of his release. Accordingly, the statute of limitations accrued on May 14, 2024, and expired one year later, on

---

[1] "'[A] court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment.'" *Turek v. PNC Bank*, No. 20-3730, 2021 U.S. App. LEXIS 6861, at *7 (6th Cir. Mar. 9, 2021) (quoting *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)). Here, the public records submitted for the Court's consideration are certainly central to Plaintiff's claims and the incident from which they arise (Plaintiff's arrest) is the primary subject of Plaintiff's Complaint and First Amended Complaint. As such, the Court may consider these public records without converting this Motion to one for summary judgment.

May 14, 2025. Plaintiff did not file his Complaint until May 23, 2025, more than one year after the alleged injury occurred. Therefore, Plaintiff's Fourth Amendment false arrest and imprisonment claim is time-barred and must be dismissed.

### c. Plaintiff's First Amendment retaliation claim is barred by the statute of limitations.

Plaintiff asserts a claim under 42 U.S.C. Section 1983 against Jackson for alleged retaliation in violation of the First Amendment. As described above, this claim is subject to a one-year statute of limitations. Since Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury that is the basis of his action," Plaintiff's First Amendment retaliation claim alleging that Jackson damaged his phone and unlawfully detained him accrued on May 11, 2024, the date of his arrest.

According to the Complaint, on May 11, 2024, "Defendant Jackson seized Plaintiff's phone, breaking it in the process of preventing Plaintiff from recording the encounter." (DN 16, p. 3). Plaintiff was then allegedly placed in handcuffs. (DN 16, p. 3). At that time, Plaintiff had knowledge of both the phone confiscation and his detention. Thus, the statute of limitations began to run on May 11, 2024, which was the date of Plaintiff's arrest and the point at which Plaintiff had knowledge of the alleged injury. Plaintiff did not file his Complaint until May 23, 2025, more than one year after the alleged injury occurred. Accordingly, Plaintiff's First Amendment retaliation claim is barred by the statute of limitations and should be dismissed.

### CONCLUSION

For the reasons set forth herein, Defendant Officer Tim Jackson, in his individual capacity, respectfully requests that the Court enter the tendered order dismissing Plaintiff's Complaint and First Amended Complaint and that the claims asserted against him be dismissed with prejudice.

This the 4th day of November, 2025.

ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
Telephone: (270) 781-6500
Facsimile: (270) 782-7782

/s/ Aaron D. Smith
AARON D. SMITH
JESSICA R. SHOULDERS

## CERTIFICATE OF SERVICE

I hereby certify that on November 4th, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and mailed a true and accurate copy via U.S. Mail to the following:

Joshua D. York
3652 Chalybeate Road
Smiths Grove, KY 42171

/s/ Aaron D. Smith
AARON D. SMITH

7